UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TWEEN BRANDS INVESTMENT, LLC, an Ohio limited liability company, | CASE NO. 15-CV-2663 |
| | JUDGE |
| Plaintiff, | **VERIFIED COMPLAINT** |
| vs. | **(DEMAND FOR JURY TRIAL)** |
| BLUESTAR ALLIANCE LLC, a New York corporation, JOHN DOES 1–2, | |
| Defendants. | |

Plaintiff, Tween Brands Investment, LLC ("Plaintiff"), by and through its

attorneys, for its complaint against defendant Bluestar Alliance LLC ("Bluestar") and John

Does 1–2 ("Doe Defendants") (collectively, the "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      In this action, Plaintiff seeks injunctive and monetary relief for acts of copyright

infringement under the laws of the United States, Title 17, United States Code (hereinafter the

"Copyright Law"); for unfair competition under the laws of the United States, Title 15, United

States Code (hereinafter the "Lanham Act"); and for acts of unfair competition under applicable

Ohio law.

## PARTIES AND JURISDICTION

2.      Plaintiff Tween Brands Investment, LLC is an Ohio limited liability company with its

principal place of business at 8323 Walton Parkway, New Albany, OH, 43054, that receives by

assignment intellectual property created by its affiliate, Tween Brands Service Co. ("Tween

Brands Service") and licenses said intellectual property back to the same to use in the regular course of its business, including the copyrighted works, trademarks, and trade dress rights that are the subject of this Verified Complaint and causes of action related thereto.

3.      Upon information and belief, defendant Bluestar is a New York Limited Liability Company corporation with its principal place of business at 1370 Broadway, Suite 820, New York, NY, 10018.  Upon further information and belief, this action began with Defendant's alleged acquisition of rights to the LIMITED TOO retail brand from an Ohio-based company and, further, arises from Defendant Bluestar's business transactions in the State of Ohio, its intentional copying of Plaintiff's intellectual property created and located in the State of Ohio, and unfair competition and other intentional tortious acts directed at and causing injury to Ohio-based Plaintiff and its affiliate and authorized licensee, Tween Brands Service.

4.      Upon information and belief, John Doe 1 personally infringed Plaintiff' copyrighted works.

5.      Upon information and belief John Doe 2 supervised John Doe 1's infringement and gained financially.

6.      This action arises under Title 17 of the United States Code relating to copyrights; Title 15 of the United States Code relating to unfair competition; and the statutory and common law of the State of Ohio.  This court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1338 and 1367, and under 15 U.S.C. § 1121.  This Court has jurisdiction over the state claims pursuant to 28 U.S.C. §§ 1332, 1338(b) and 1367(a), and the doctrine of pendent jurisdiction.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)) and 1400(a) given that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS RELEVANT TO ALL CLAIMS

### The Famous JUSTICE Stores

7.     Plaintiff and its related entities (collectively, "Tween") operate retail and online stores selling clothing and accessories for girls aged 7 to 14 ("tweens").  Tween operates more than 900 stores in both the United States and Canada and an online retail site under the brand name JUSTICE.  *See* www.shopjustice.com.  The iconic JUSTICE look focuses on taking trends in the women's wear market and translating them for the "tween-age" market, so that the clothes sold in JUSTICE stores are the hottest fashion and in sync with the fashion designs on the runways, and appeal to both mothers and their tween girls.

8.     Tween initially owned and operated similar stores under the licensed name LIMITED TOO.  A brief history is as follows:  In the late 1980s, the Limited Inc. women's clothing retail group, later named Limited Brands Inc., started a line of stores for tweens called LIMITED TOO.  In 1999, the brand was spun off into a separate company known as LimToo Inc., which later became Tween Brands Inc.  The corporate entity owning the LIMITED TOO brand was known as Limco, Inc.

9.     In 1999, Limco, Inc. entered into a license agreement with LimToo, Inc., granting it the right to use the LIMITED TOO trademarks in connection with "the manufacture, packaging, advertising, promotion and sale (whether in stores, catalogs or via the Internet) of apparel, accessories, lifestyle and personal care products for girls approximately 7 to 14 years of age, and any other business ...  specifically and uniquely targeted at girls between the ages of 7 and 14, infants and toddlers" (hereinafter, the "LIMITED TOO License").

10.     In 2009, Tween renamed its 500-plus LIMITED TOO stores as JUSTICE stores.

**The Clothing Designs and Daisy Copyrights**

11.     At all times during the LIMITED TOO License, Tween was actively engaged in the business of creating, acquiring and exploiting rights in and to original designs and artwork and incorporating such designs and artwork in clothing and related items and advertising materials.

12.     Plaintiff owns all rights in the copyrightable intellectual property created by Tween, and/or obtains all necessary licenses from third-party copyright owners for materials Tween uses in its business, including but not limited to advertising, fabric and clothing designs and other original works.

13.     Plaintiff owns the copyrights in the artwork in the below original clothing and bag designs (hereinafter the "Clothing Designs") and expedited copyright applications have been filed with the U.S. Copyright Office in those Designs (Copies of the artwork and the relevant copyright applications and confirmation of registration are attached hereto and incorporated herein as Exhibits A–F):

| **Design** | **Creation Date** | **Registration Date** |
|---|---|---|
| Hope | 9/20/2013 | July 23, 2015 |
| Zebra | 9/26/2013 | July 23, 2015 |
| Heart | 9/25/2013 | July 23, 2015 |
| Love | 9/20/2013 | July 23, 2015 |
| Giraffe | 9/26/2013 | July 23, 2015 |
| Tiger | 9/17/2013 | July 27, 2015 |

4

14.     Plaintiff owns the copyright in the artwork for a daisy design (hereinafter the "Daisy Design") and has obtained a copyright registration in that design (a copy of the artwork and the copyright registration, issued under Plaintiff's prior corporate name, Too Brands Investment, LLC, is attached hereto and incorporated herein as Exhibit G) as follows:

| **Design** | **Registration Date** | **Registration Number** |
|---|---|---|
| Daisy | 7/11/2005 | VAu 678-262 |

**The JUSTICE Photograph**

15.     By virtue of assignment, Plaintiff owns the copyright in the photograph of five girls wearing JUSTICE clothing (hereinafter the "Photograph") and an expedited copyright application has been filed in the Photograph (a copy of the artwork and the copyright application is attached hereto and incorporated herein as Exhibit H) as follows:

| **Photograph** | **Creation Date** | **Registration Date** |
|---|---|---|
| Five Girls in Justice Clothing JU14SPR2_S13B_076 | December 4, 2013 | July 28, 2015 |

Tween used this Photograph in its marketing materials in 2014, including in a printed "catazine" (catalog/magazine) distributed to at least 3.1 million people and in online marketing, which translates into high visibility in the relevant market.  Before publication, Tween made alterations to retouch the original Photograph (*e.g.*, eliminating the white background panels, eliminating some fly-away hairs, and cropping the girl's arms out on the far right).  The Clothing Designs, Daisy and Photograph are hereinafter jointly referred to as Plaintiff's "Copyrighted Works."

**Defendant Bluestar's Recent Acquisition of the LIMITED TOO Trademarks**

16. According to a press release, "Bluestar Alliance LLC was founded in 2007 by Joseph Gabbay and Ralph Gindi. It owns, manages and markets a portfolio of consumer brands including Kensie®, Nanette Lepore®, Catherine Malandrino®, Joan Vass®, English Laundry®, Kooba®, Yak Pak®, Mac + Jac®, Harvé Benard® and Limited Too®."

17. Defendant Bluestar announced on July 20, 2015, that it had acquired the LIMITED TOO brand trademarks. As set forth in its press release, Bluestar stated: "Limited Too is a girl's market leader with a solid foundation of brand loyalty," said Ralph Gindi, COO of Bluestar Alliance. "Over the years Limited Too has brought fun and joy to children's fashion shopping experiences and holds a special place with the millennial moms who are now having children of their own. Limited Too's global distribution strategy into department stores will enhance the enjoyment of family shopping, through in-store shop in shops, stand-alone retail locations and e-commerce. The product mix will fill a void in the market where fashion, fun and value are all in-sync," commented Joey Gabbay, CEO of Bluestar Alliance.

18. The press release continues: "We will engage in a social media and marketing blitz that will have a clear and concise message to both the tween consumer and her mom, that 'It's time to have fun shopping again'. Our goal from a marketing perspective is to uphold Limited Too's branded lifestyle mission and to enable girls of all ages to express their individuality and creativity through diverse categories that stay true to the brand DNA and mantra of 'It's a Girls' World'," stated Rebecca Karakasli, VP of Marketing. "There are not many brands where best friends can share their styles from head to toe, be it for school days, sleepovers or just simply taking selfies together. We will be running a national contest to find these BFF's to be the fresh faces for the Limited Too brand."

19.     According to the press release, simultaneously with the closing, Limited Too has signed on industry leaders as strategic licensing partners: Longstreet Apparel for Girls Sportswear, Jay Franco and Sons for Bed and Bath, United Legwear for Hosiery and Sleepwear and H.E.R Accessories for Jewelry, Hair, and Cosmetic Collections.  Additional categories in the Apparel, Home Décor and Accessory classification categories are in negotiations.

**The Infringing Uses Defendant Bluestar Is Making of Plaintiff's Copyrighted Works**

20.     On its website, Bluestar has two main references on its home page to LIMITED TOO, *and both were stolen from Tween and blatantly infringe upon Plaintiff's Copyrighted Works!*  Upon information and belief, Bluestar has gained unauthorized access to Plaintiff's Copyrighted Works and must be enjoined immediately from further accessing Tween's materials and from further use of those materials in its impending "social media and marketing blitz."

21.     Bluestar's website depicts Plaintiff's Photograph.  The photograph is featured front and center on the Bluestar home page.  This photograph features five models wearing Tween's Clothing Designs sold in JUSTICE stores.  (A copy of the photograph as it appears on Defendant's website at <bluestaralliance.com> is attached hereto and incorporated herein as Exhibit I.)

22.     Bluestar's photograph is a different version of Plaintiff's published Photograph in that, unlike any of the published versions of the Photograph, it contains the white background panels and arm of the girl on the far right.  This would mean that Bluestar has gained unauthorized access to Plaintiff's original, unpublished photograph.

23. Upon information and belief, Bluestar accessed Plaintiff's original works through the Doe Defendants, who personally acquired the materials, transferred them to Bluestar, published them on the Internet, and/or supervised and benefitted from this same infringing conduct.

24. Bluestar's website also depicts multiple copies of the Daisy on its home page (a copy of Defendant's webpage is attached hereto and incorporated herein as Exhibit J) (hereinafter Defendant's infringement of the Photograph, Clothing Designs and Daisy are collectively referred to as "Defendant's Infringing Materials").

25. Upon information and belief, Defendants likely have obtained unauthorized access to other works of Plaintiff.

**Defendant Bluestar Is Also Causing a Likelihood of Confusion**

26. Moreover, Defendant Bluestar is pointing the <limitedtoo.com> domain name to the <shopjustice.com> website. A reasonable member of the public, reading about the relaunch of LIMITED TOO stores, would logically type in "limitedtoo.com" in an Internet browser. Instead of going to a website associated with LIMITED TOO and Bluestar, the user is taken directly to <shopjustice.com.>, which features products and services sold under Plaintiff's JUSTICE trademarks.

27. The Photograph features several elements that are iconic of Plaintiff's JUSTICE brand. Specifically, the clothing designs include extra features, such as the use of 3-D elements (*e.g.* ruffles, fringe, sequins, extra glitter), that increase the cost of an item significantly but serve to set JUSTICE brand clothing apart from competitors. Several of the design features in the Photograph have been used multiple times on JUSTICE clothing. For example, the hope and love graphics (with icons replacing letters) have been used in the same font multiple times,

8

sometimes against different backgrounds and sometimes with the images arranged differently, for example, in a square. These multiple uses have taken place over time and across multiple product categories such that the designs have become highly identifiable with the JUSTICE brand. Similarly, the tiger design has been repeated in other products in other seasons because of the success of the designs. Moreover, the zebra and giraffe shirts shown in the Photograph were extremely popular, selling at approximately twice the rate of other shirts in the same time frame. The five models featured in the Photograph also were used multiple times in JUSTICE advertising campaigns.

28.     These actions of Defendants cannot be merely coincidental. Defendants have appropriated Plaintiff's intellectual property with intent to associate the announcement and launch of its LIMITED TOO stores with Tween and its JUSTICE stores. Defendants have exhibited a clear course of conduct to appropriate the good will and reputation associated with Tween.

29.     Worse, Defendants would have no access to the unpublished Photograph, other than through Tween or the vendors Tween uses for its photography. In no case would the access be authorized. Defendants thus appear to be using clandestine means to gain access to Plaintiff's works.

30.     Given that many of Tween's customers are young children or teens, they often are not very sophisticated and could be duped into believing the LIMITED TOO stores are somehow still related to Tween's JUSTICE stores. Defendants' actions are thus likely to cause consumer confusion in the marketplace that Defendants are somehow associated with or licensed by Plaintiff.

**The Infringements Are Causing Irreparable Harm**

31.     Plaintiff and its authorized licensee, Tween Brands Service, will suffer irreparable harm if Defendants' infringing and unfair actions continue in the marketplace. By taking the shortcut of misappropriating Tween's successful designs, including eight copyrighted works, Defendants are gaining an unearned foothold in the market by introducing the new LIMITED TOO brand by piggybacking on Plaintiff's intellectual property and well-established, iconic JUSTICE brand. No amount of money could compensate Plaintiff for the harm to the reputation and good will associated with its copyrights and the JUSTICE retail business.

32.     Upon information and belief, Defendant Bluestar intends to open more than 200 stores starting in the Fall of 2016. Given its brazen theft of Plaintiff's intellectual property in announcing the acquisition of LIMITED TOO, Plaintiff suspects that Defendants may be accessing or already have other intellectual property of Plaintiff and be planning to use it for Defendant Bluestar's competing clothing and stores, and the advertising of its products and stores in its promised "social media and marketing blitz."

## COUNT I
### Copyright Infringement (the Photograph)

33.     Plaintiff repeats and re-allege the allegations set forth in the preceding paragraphs, as if set forth fully herein.

34.     Plaintiff is the holder of all exclusive rights under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and all amendments thereto, to reproduce, distribute, and otherwise exploit the Photograph throughout the United States and the world.

35.     Upon information and belief, Defendants have copied, and continue to copy, the Photograph, and Defendants' Infringing Materials are substantially similar, if not identical, to Plaintiff's Photograph.

36.     Upon information and belief, Defendants' Infringing Materials are distributed in interstate commerce.

37.     The advertising and distribution of Defendants' Infringing Materials constitute an unauthorized reproduction and distribution of the Photograph.

38.     Upon information and belief, Defendants' infringement of the Photograph has been and continues to be carried out with Defendants' full knowledge that the work is protected by copyright, and that in doing the acts complained of, Defendants have willfully and intentionally infringed Plaintiff's copyright in and to the Photograph.

39.     Plaintiff has sustained damages as a result of Defendants' wrongful acts as alleged herein.  Plaintiff is presently unable to ascertain the full extent of the money damages it has suffered by reason of said act of copyright infringement.

40.     Upon information and belief, Defendants have obtained gains, profits and/or advantages as a result of its infringing act as alleged herein.  Plaintiff is presently unable to ascertain the full extent of gains, profits and/or advantages Defendants have obtained by reason of its act of copyright infringement.

41.     Plaintiff has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid infringing act of Defendants, and will continue to do so unless Defendants are preliminarily and permanently restrained and enjoined by the Court from further violation of Plaintiff's copyrights.

## COUNT II

### Copyright Infringement (the Daisy)

42.    Plaintiff repeats and re-allege the allegations set forth in the preceding paragraphs, as if set forth fully herein.

43.    Plaintiff is the holder of all exclusive rights under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and all amendments thereto, to reproduce, distribute, and otherwise exploit the Daisy throughout the United States and the world.

44.    Upon information and belief, Defendants have copied, and continue to copy, the Daisy, and Defendants' Infringing Materials are substantially similar, if not identical, to Plaintiff's Daisy.

45.    Upon information and belief, Defendants' Infringing Materials are distributed in interstate commerce.

46.    The advertising and distribution of Defendants' Infringing Materials constitute an unauthorized reproduction and distribution of the Daisy.

47.    Upon information and belief, Defendants' infringement of the Daisy has been and continues to be carried out with Defendants' full knowledge that the work is protected by copyright, and that in doing the acts complained of, Defendants have willfully and intentionally infringed Plaintiff's copyright in and to the Daisy.

48.    Plaintiff has sustained damages as a result of Defendants' wrongful acts as alleged herein.  Plaintiff is presently unable to ascertain the full extent of the money damages it has suffered by reason of said act of copyright infringement.

49.    Upon information and belief, Defendants have obtained gains, profits and/or advantages as a result of its infringing act as alleged herein.  Plaintiff is presently unable to

ascertain the full extent of gains, profits and/or advantages Defendants have obtained by reason of its act of copyright infringement.

50.     Plaintiff has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid infringing act of Defendants, and will continue to do so unless Defendants are preliminarily and permanently restrained and enjoined by the Court from further violation of Plaintiff's copyrights.

**Count III**

**Copyright Infringement (Hope Clothing Design)**

51.     Plaintiff repeats and re-allege the allegations set forth in the preceding paragraphs, as if set forth fully herein.

52.     Plaintiff is the holder of all exclusive rights under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and all amendments thereto, to reproduce, distribute, and otherwise exploit the Hope Clothing Design throughout the United States and the world.

53.     Upon information and belief, Defendants have copied, and continue to copy, the Hope Clothing Design, and Defendants' Infringing Materials are substantially similar, if not identical, to Plaintiff's Hope Clothing Design.

54.     Upon information and belief, Defendants' Infringing Materials are distributed in interstate commerce.

55.     The advertising and distribution of Defendants' Infringing Materials constitute an unauthorized reproduction and distribution of the Hope Clothing Design.

56.     Upon information and belief, Defendants' infringement of the Hope Clothing Design has been and continues to be carried out with Defendants' full knowledge that the work is

protected by copyright, and that in doing the acts complained of, Defendants have willfully and intentionally infringed Plaintiff's copyright in and to the Hope Clothing Design.

57.     Plaintiff has sustained damages as a result of Defendants' wrongful acts as alleged herein.  Plaintiff is presently unable to ascertain the full extent of the money damages it has suffered by reason of said act of copyright infringement.

58.     Upon information and belief, Defendants have obtained gains, profits and/or advantages as a result of its infringing act as alleged herein.  Plaintiff is presently unable to ascertain the full extent of gains, profits and/or advantages Defendants have obtained by reason of its act of copyright infringement.

59.     Plaintiff has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid infringing act of Defendants, and will continue to do so unless Defendants are preliminarily and permanently restrained and enjoined by the Court from further violation of Plaintiff's copyrights.

## COUNT IV
### Copyright Infringement (Zebra Clothing Design)

60.     Plaintiff repeats and re-allege the allegations set forth in the preceding paragraphs, as if set forth fully herein.

61.     Plaintiff is the holder of all exclusive rights under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and all amendments thereto, to reproduce, distribute, and otherwise exploit the Zebra Clothing Design throughout the United States and the world.

62.     Upon information and belief, Defendants have copied, and continue to copy, the Zebra Clothing Design, and Defendants' Infringing Materials are substantially similar, if not identical, to Plaintiff's Zebra Clothing Design.

63. Upon information and belief, Defendants' Infringing Materials are distributed in interstate commerce.

64. The advertising and distribution of Defendants' Infringing Materials constitute an unauthorized reproduction and distribution of the Zebra Clothing Design.

65. Upon information and belief, Defendants' infringement of the Zebra Clothing Design has been and continues to be carried out with Defendants' full knowledge that the work is protected by copyright, and that in doing the acts complained of, Defendants have willfully and intentionally infringed Plaintiff's copyright in and to the Zebra Clothing Design.

66. Plaintiff has sustained damages as a result of Defendants' wrongful acts as alleged herein. Plaintiff is presently unable to ascertain the full extent of the money damages it has suffered by reason of said act of copyright infringement.

67. Upon information and belief, Defendants have obtained gains, profits and/or advantages as a result of its infringing act as alleged herein. Plaintiff is presently unable to ascertain the full extent of gains, profits and/or advantages Defendants have obtained by reason of its act of copyright infringement.

68. Plaintiff has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid infringing act of Defendants, and will continue to do so unless Defendants are preliminarily and permanently restrained and enjoined by the Court from further violation of Plaintiff's copyrights.

## COUNT V
### Copyright Infringement (Heart Clothing Design)

69. Plaintiff repeats and re-allege the allegations set forth in the preceding paragraphs, as if set forth fully herein.

70.     Plaintiff is the holder of all exclusive rights under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and all amendments thereto, to reproduce, distribute, and otherwise exploit the Heart Clothing Design throughout the United States and the world.

71.     Upon information and belief, Defendants have copied, and continue to copy, the Heart Clothing Design, and Defendants' Infringing Materials are substantially similar, if not identical, to Plaintiff's Heart Clothing Design.

72.     Upon information and belief, Defendants' Infringing Materials are distributed in interstate commerce.

73.     The advertising and distribution of Defendants' Infringing Materials constitute an unauthorized reproduction and distribution of the Heart Clothing Design.

74.     Upon information and belief, Defendants' infringement of the Heart Clothing Design has been and continues to be carried out with Defendants' full knowledge that the work is protected by copyright, and that in doing the acts complained of, Defendants have willfully and intentionally infringed Plaintiff's copyright in and to the Heart Clothing Design.

75.     Plaintiff has sustained damages as a result of Defendants' wrongful acts as alleged herein.  Plaintiff is presently unable to ascertain the full extent of the money damages it has suffered by reason of said act of copyright infringement.

76.     Upon information and belief, Defendants have obtained gains, profits and/or advantages as a result of its infringing act as alleged herein.  Plaintiff is presently unable to ascertain the full extent of gains, profits and/or advantages Defendants have obtained by reason of its act of copyright infringement.

77.     Plaintiff has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid infringing act of Defendants, and will continue to do so unless Defendants

are preliminarily and permanently restrained and enjoined by the Court from further violation of Plaintiff's copyrights.

## COUNT VI
### Copyright Infringement (Love Clothing Design)

78.     Plaintiff repeats and re-allege the allegations set forth in the preceding paragraphs, as if set forth fully herein.

79.     Plaintiff is the holder of all exclusive rights under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and all amendments thereto, to reproduce, distribute, and otherwise exploit the Love Clothing Design throughout the United States and the world.

80.     Upon information and belief, Defendants have copied, and continue to copy, the Love Clothing Design, and Defendants' Infringing Materials are substantially similar, if not identical, to Plaintiff's Love Clothing Design.

81.     Upon information and belief, Defendants' Infringing Materials are distributed in interstate commerce.

82.     The advertising and distribution of Defendants' Infringing Materials constitute an unauthorized reproduction and distribution of the Love Clothing Design.

83.     Upon information and belief, Defendants' infringement of the Love Clothing Design has been and continues to be carried out with Defendants' full knowledge that the work is protected by copyright, and that in doing the acts complained of, Defendants have willfully and intentionally infringed Plaintiff's copyright in and to the Love Clothing Design.

84.     Plaintiff has sustained damages as a result of Defendants' wrongful acts as alleged herein.  Plaintiff is presently unable to ascertain the full extent of the money damages it has suffered by reason of said act of copyright infringement.

85.     Upon information and belief, Defendants have obtained gains, profits and/or advantages as a result of its infringing act as alleged herein.  Plaintiff is presently unable to ascertain the full extent of gains, profits and/or advantages Defendants have obtained by reason of its act of copyright infringement.

86.     Plaintiff has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid infringing act of Defendants, and will continue to do so unless Defendants are preliminarily and permanently restrained and enjoined by the Court from further violation of Plaintiff's copyrights.

**COUNT VII**

**Copyright Infringement (Giraffe Clothing Design)**

87.     Plaintiff repeats and re-allege the allegations set forth in the preceding paragraphs, as if set forth fully herein.

88.     Plaintiff is the holder of all exclusive rights under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and all amendments thereto, to reproduce, distribute, and otherwise exploit the Giraffe Clothing Design throughout the United States and the world.

89.     Upon information and belief, Defendants have copied, and continue to copy, the Giraffe Clothing Design, and Defendants' Infringing Materials are substantially similar, if not identical, to Plaintiff's Giraffe Clothing Design.

90.     Upon information and belief, Defendants' Infringing Materials are distributed in interstate commerce.

91.     The advertising and distribution of Defendants' Infringing Materials constitute an unauthorized reproduction and distribution of the Giraffe Clothing Design.

92.     Upon information and belief, Defendants' infringement of the Giraffe Clothing Design has been and continues to be carried out with Defendants' full knowledge that the work is

protected by copyright, and that in doing the acts complained of, Defendants have willfully and intentionally infringed Plaintiff's copyright in and to the Giraffe Clothing Design.

93.     Plaintiff has sustained damages as a result of Defendants' wrongful acts as alleged herein.  Plaintiff is presently unable to ascertain the full extent of the money damages it has suffered by reason of said act of copyright infringement.

94.     Upon information and belief, Defendants have obtained gains, profits and/or advantages as a result of its infringing act as alleged herein.  Plaintiff is presently unable to ascertain the full extent of gains, profits and/or advantages Defendants have obtained by reason of its act of copyright infringement.

95.     Plaintiff has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid infringing act of Defendants, and will continue to do so unless Defendants are preliminarily and permanently restrained and enjoined by the Court from further violation of Plaintiff's copyrights.

## COUNT VII
### Copyright Infringement (Tiger Clothing Design)

96.     Plaintiff repeats and re-allege the allegations set forth in the preceding paragraphs, as if set forth fully herein.

97.     Plaintiff is the holder of all exclusive rights under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and all amendments thereto, to reproduce, distribute, and otherwise exploit the Tiger Clothing Design throughout the United States and the world.

98.     Upon information and belief, Defendants have copied, and continue to copy, the Tiger Clothing Design, and Defendants' Infringing Materials are substantially similar, if not identical, to Plaintiff's Tiger Clothing Design.

99.    Upon information and belief, Defendants' Infringing Materials are distributed in interstate commerce.

100.    The advertising and distribution of Defendants' Infringing Materials constitute an unauthorized reproduction and distribution of the Tiger Clothing Design.

101.    Upon information and belief, Defendants' infringement of the Tiger Clothing Design has been and continues to be carried out with Defendants' full knowledge that the work is protected by copyright, and that in doing the acts complained of, Defendants have willfully and intentionally infringed Plaintiff's copyright in and to the Tiger Clothing Design.

102.    Plaintiff has sustained damages as a result of Defendants' wrongful acts as alleged herein.  Plaintiff is presently unable to ascertain the full extent of the money damages it has suffered by reason of said act of copyright infringement.

103.    Upon information and belief, Defendants have obtained gains, profits and/or advantages as a result of its infringing act as alleged herein.  Plaintiff is presently unable to ascertain the full extent of gains, profits and/or advantages Defendants have obtained by reason of its act of copyright infringement.

104.    Plaintiff has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid infringing act of Defendants, and will continue to do so unless Defendants are preliminarily and permanently restrained and enjoined by the Court from further violation of Plaintiff's copyrights.

## COUNT IX
### Federal Unfair Competition

105.    Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if set forth fully herein.

106.     This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1125(a).  As detailed more fully above, Defendants are directing Internet users who type in the <limitedtoo.com> domain name to Tween's <shopjustice.com> website and featuring in its advertising materials a Photograph that includes iconic elements associated with Plaintiff's JUSTICE brand.  This is likely to cause confusion and mistake and to deceive the public that Defendant Bluestar is sponsored or licensed by, or is in some other way connected and/or associated with Plaintiff and/or Tween, all in violation of 15 U.S.C. § 1125(a).

107.     The acts of Defendants complained of herein constitute an attempt to trade on Plaintiff's goodwill developed in connection with the JUSTICE stores, to the detriment of Plaintiff and Tween.

108.     As a result of Defendants' acts as alleged above, Plaintiff and its authorized licensee have suffered and will continue to suffer irreparable harm in the form of damage and injury to their business, reputation and goodwill, and will continue to do so unless and until Defendants are preliminarily and permanently restrained and enjoined by the Court from further violating Plaintiff's rights.

## COUNT X
### Unfair Competition Under Ohio Common Law

109.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if set forth fully herein.

110.     This claim arises under the common law of the State of Ohio.

111.     Defendants' intentional and willful acts as alleged above were committed in bad faith with the intent to cause confusion and mistake—deceiving the public as to whether

Defendant Bluestar is sponsored or licensed by, or is in some other way connected and/or associated with Plaintiff, in violation of Ohio common law.

112.   Plaintiff has no adequate remedy at law.  As a result of Defendants' acts as alleged above, Plaintiff and its authorized licensee have suffered and will continue to suffer irreparable harm in the form of damage and injury to their business, reputation and goodwill, and will sustain serious loss of revenues and profits, and will continue to do so unless and until Defendants are preliminarily and permanently restrained and enjoined by the Court from further violating Plaintiff's rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff asks this Court to:

1.   Grant a preliminary injunction and thereafter a permanent injunction restraining and enjoining Defendants and any and all principals, officers, agents, servants, employees, attorneys, representatives, successors and assigns of Defendants, and all those in privity, concert or participation with Defendants and all those who receive actual notice of this order, from:

(i)   altering  or destroying any potentially discoverable materials in its possession or control, including advertisements, marketing and promotional materials, electronically stored media on any computers, servers, hardware, software, documents, phones, cloud-based storage accounts, email, and all other means of storing electronic data,

(ii)   directly or indirectly infringing Plaintiff's Copyrighted Works, in any manner, including generally, but not limited to, manufacturing, distributing, advertising, selling, and/or offering for sale and distribution any advertising or

merchandise which infringes the Plaintiff's Copyrighted Works, and specifically using them in connection with any unauthorized promotional materials, announcements or the like which picture, reproduce or utilize the likenesses of, or which bear substantial similarity to, any of the Copyrighted Works;

(iii)    engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, and/or members of the public to believe that the actions of Defendants or Defendant Bluestar itself is sponsored, approved, or licensed by Plaintiff or Tween, or is in some way connected or affiliated with Plaintiff or Tween;

(iv)    otherwise competing unfairly with Plaintiff or Tween in an manner;

(v)    and assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated above.

2.    Find that Defendants have infringed Plaintiff's Copyrighted Works in violation of federal law by the acts complained of herein.

3.    Find that Defendants have competed unfairly in violation of federal law by the acts complained of herein.

4.    Find that Defendants have competed unfairly in violation of Ohio common law by the acts complained of herein.

5.    Issue an order requiring Defendants and any and all principals, officers, agents, servants, employees, attorneys, successors, and assigns, and all those in active privity or concert with Defendants who receive actual notice of said order, to deliver to Plaintiff for destruction all materials in its possession or under its control which bear unauthorized simulations, copies or colorable imitations of Plaintiff's intellectual property, including but not

limited to the Copyrighted Works.

6. Require Defendants to disseminate corrective advertising, at Defendants' expense and subject to Plaintiff's approval, that informs consumers, the trade and the public at large of Defendants' unlawful conduct as complained of herein and of the judgment requiring Defendants to cease such unlawful conduct, and/or require Defendants to pay Plaintiff's costs in producing and disseminating such corrective advertising.

7. Direct Defendants to file with this Court and serve on counsel for Plaintiff, within thirty (30) days after entry of the Injunction, a written report under oath setting forth in detail the manner in which Defendants have complied with the foregoing paragraphs.

8. Award Plaintiff monetary relief in an amount to be fixed by the Court in its discretion as just, including all damages sustained by Plaintiff, and/or all of Defendants' profits or gains of any kind resulting from their willful infringement, said amount to be trebled, and exemplary damages in view of the intentional nature of the acts complained of herein pursuant to 15 U.S.C. § 1117.

9. In the event Plaintiff elects statutory damages in lieu of actual damages pursuant to the Copyright Law, order Defendants to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), for Defendants' acts of copyright infringement.

10. Award to Plaintiff its attorneys' fees and costs and expenses of litigation pursuant to 17 U.S.C. § 505.

11. Award to Plaintiff its attorneys' fees, due to the exceptional nature of this case, and all of Plaintiff's costs and expenses of litigation, pursuant to 15 U.S.C. § 1117(a).

12. Order an accounting and render judgment against Defendants for all

profits wrongfully derived by Defendants by reason of their copyright infringement and unfair competition.

   13. Award all damages adequate to compensate Plaintiff for Defendants' acts of copyright infringement and unfair competition.

   14. Require Defendants to pay Plaintiff prejudgment and post-judgment interest at the applicable rates on all amounts awarded.

   15. Grant to Plaintiff such other and further relief as the Court may deem just, proper and equitable under the circumstances.


Dated July 28, 2015       Respectfully submitted,

         s/ Christina J. Moser
         Deborah A. Wilcox
         Christina J. Moser
         Baker & Hostetler, LLP
         dwilcox@bakerlaw.com
         cmoser@bakerlaw.com
         1900 East 9th Street, Suite 3200
         Cleveland, OH  44114-3482
         Telephone: 216.861.7864
         Facsimile: 216.696.0740

         Matthew Roberts
         Baker & Hostetler, LLP
         mroberts@bakerlaw.com
         Capitol Square, Suite 2100
         65 East State Street
         Columbus, OH 43215-4260
         Telephone: 614.228.1541
         Facsimile: 614.462.2616

         *Attorneys for Plaintiff Tween Brands Investment, LLC*

## JURY DEMAND

Pursuant to Civ. R. 38, Plaintiff Tween Brands Investment, LLC demands a trial by jury consisting of the maximum number of jurors allowed by law to hear all claims in this action.

## VERIFICATION

I, Robyn Lintner, under penalty of perjury of the laws of the United States declares: That she is the Director of Marketing, Traffic and Production at Tween Brands Service Co.; that she is authorized by Plaintiff Tween Brands Investments, LLC to verify the foregoing Verified Complaint; that she has read, is familiar with, and has personal knowledge of the contents of the foregoing Verified Complaint; and that the allegations thereof are true and correct or, to the extent to which matters are not within her personal knowledge, that the facts stated therein have been assembled by authorized personnel, and that she is informed that the facts stated therein are true and correct.

Executed this 28th day of July, 2015, in Columbus, Ohio.

Robyn Lintner