IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TWEEN BRANDS INVESTMENT, LLC, | Case No. 2:15-cv-2663 |
| | Judge Gregory L. Frost |
| Plaintiff, | Magistrate Judge Elizabeth P. Deavers |
| v. | |
| BLUESTAR ALLIANCE, LLC, et al., | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiff's motion to expedite discovery (ECF No. 3), Plaintiff Tween Brands Investment, LLC's ("Tween") supplemental memorandum in support of its motion (ECF No. 18), Defendant's memorandum in opposition (ECF No. 26), and Plaintiff's reply memorandum (ECF No. 28.)  For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

I.  BACKGROUND

A brief background of the facts of this case is necessary to put the parties' dispute in context.  This case involves the intellectual property associated with the brand "Limited Too," which is a brand directed at girls approximately seven to fourteen years of age (an age known as "tween").  The Limited Too brand (according to Plaintiff) was developed and originally marketed by the Limited Inc. women's clothing retail group and/or its affiliates (collectively, "the Limited").  In 1999, the Limited licensed the Limited Too trademarks to Tween's predecessor (for ease of reference, Tween and its predecessors are collectively referred to as "Tween").

In 2005, as a licensee of the Limited Too brand, Tween developed and registered a copyrighted daisy design. Although it is unclear from the briefs, Tween appears to have used the design in connection with the Limited Too brand.

Also during this time, although it is unclear exactly when, Tween registered the saying "It's a Girl's World." The registration was abandoned in 2014.

By 2009, Tween was operating 500-plus Limited Too stores pursuant to its license agreement with the Limited. That year, Tween renamed its stores "Justice," which appears to be a spin-off brand owned by Tween. There is no indication in the complaint that Tween uses the daisy design or the "It's a Girl's World" slogan in connection with its Justice brand.

On July 20, 2015, apparently after the license agreement between Tween and the Limited terminated, Defendant Bluestar Alliance, LLC ("Bluestar) announced that it had purchased the Limited Too brand trademarks from the Limited. On its website, Bluestar displayed a daisy in connection with the Limited Too logo as well as references to the "It's a Girl's World" saying. Bluestar's website also depicted a photograph featuring five "tween" models (the "Photograph").

On July 28, 2015, Tween sued Bluestar in the lawsuit that is currently before this Court. Tween alleged that the Photograph depicts Justice models wearing Justice clothing. Tween registered a copyright in the Photograph on the same day it filed the lawsuit. Tween also registered copyrights in the clothing designs worn by the five models.

In its complaint, Tween also alleged that Bluestar was infringing on its daisy copyright and that Bluestar was creating market confusion by allowing the website limitedtoo.com to direct users to Tween's website, shopjustice.com. Tween filed a motion for preliminary injunction, as well as a motion for expedited discovery, and asserted that Bluestar's actions were causing irreparable harm. Notably, Tween referenced the "It's a Girl's World" slogan in connection with

Bluestar's marketing campaign, but did not take issue with Bluestar's use of the slogan at that time.

The Court held a telephone conference with the parties pursuant to Southern District of Ohio Local Civil Rule 65.1.  During that conference, Bluestar acknowledged that it did not own any rights in the Photograph.  Bluestar stated that it obtained the Photograph from a third party known as The Beanstalk Group, LLC ("Beanstalk"), which provided a slide deck to Bluestar in connection with its purchase of the Limited Too trademarks.  Bluestar stated that the Photograph was the cover of the slide deck, that it thought it had purchased the Photograph in connection with its purchase of the Limited Too intellectual property, and that it now understood that the Photograph was not part of the purchase.  Bluestar stated that it would immediately remove the Photograph from its website.  Finally, Bluestar stated that the issue with the website described in the complaint was actually the fault of Tween, which had linked the two websites during the duration of the license agreement.  Bluestar stated that the website issue had since been corrected.

The parties then engaged in informal settlement talks and exchanged some initial discovery.  After those talks broke down, however, and after a second telephone status conference with the Court, Tween filed an Amended Complaint against Bluestar, Beanstalk, and LTD2 Brand Holdings LLC ("LTD2").  The Amended Complaint reiterates Tween's concerns about Bluestar's use of the Photograph in its initial press release and marketing materials.  According to Tween, the picture Bluestar used is slightly different than the photograph Tween published, thereby suggesting that Bluestar obtained the Photograph in an unauthorized manner.  Tween does not suggest in its Amended Complaint that Bluestar is still using or displaying the Photograph.

Tween does allege, however, that "The Beanstalk slide deck features multiple photographs commissioned and used by Plaintiff to promote its JUSTICE brand retail stores and products." (ECF No. 17 ¶ 22.) Tween does not identify those photographs or explain whether/how Bluestar is using them. Tween alleges, however, that an injunction is necessary because "Bluestar has refused to abstain from using the remaining photographs and clothing designs featured in the Beanstalk slide deck that feature Plaintiff's intellectual property." (*Id.* ¶ 27.)

Tween also alleges that, "[u]pon information and belief, Defendants likely have obtained unauthorized access to other works of Plaintiff." (ECF No. 17 ¶ 26.) Tween asserts that an injunction is necessary because upon information and belief, Bluestar must be enjoined immediately from further accessing Tween's materials and from further use of those materials in its impending 'social media and marketing blitz.' " (*Id.* ¶ 27.)

 The Amended Complaint also references the daisy design as well as a new claim that Bluestar's use of the "It's a Girl's World" slogan is creating a likelihood of confusion in the marketplace. Although Tween does not directly state whether it used the slogan in connection with the Limited Too brand or with the Justice brand, or dispute that it cancelled the trademark in 2014, Tween attaches to its complaint the following printout from a website called "Ziplocal" that (Tween contends) shows that Tween is still using the slogan in interstate commerce:



4

(ECF No. 17-12.)

Despite the fact that it did not contest in its original complaint Bluestar's use of the slogan "It's a Girl's World," Tween now alleges that the same is causing irreparable harm. Notably, in its Amended Complaint, Tween abandoned its claim that Bluestar (or any Defendant) acted wrongfully in connection with the website issue.

Currently pending before the Court are Tween's motion for preliminary injunction and motion for expedited discovery, which Tween supplemented after it filed its Amended Complaint. In the former motion, Tween asked the Court for an order enjoining Defendants from infringing on the "Copyrighted Works," defined as "the Clothing Designs, Daisy Design, and Photograph." (ECF No. 2-1, at PAGEID # 84.)

Tween's motion for expedited discovery (and supplemental filing in support of that motion) is the subject of this Opinion and Order. The Court will address that motion below.

## II. DISCUSSION

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 26(d), and upon a showing of good cause, the Court may authorize discovery prior to the Rule 26(f) conference of the parties. *Best v. Mobile Streams, Inc.*, No. 1:12-CV-564, 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012); *Arista Records, LLC v. Does 1–15*, No. 2:07–CV–450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007). Tween bears the burden of establishing good cause for the requested discovery. *Best v. AT&T, Inc.,* No. 1:12-cv-564, 2014 WL 1923149, at *1 (S.D. Ohio May 14, 2014).

Although requests for expedited discovery typically arise in connection with a motion for preliminary injunction, such requests are not automatically granted simply because a motion for preliminary injunction is pending. *See, e.g., American LegalNet, Inc. v. Davis*, 673 F.Supp.2d

1063, 1066 (C.D. Cal. 2009). To the contrary, the Court must weigh the need for the discovery against the prejudice to the responding party. *Arista Records, LLC*, 2007 WL 5254326, at *2 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D.Cal.2002)). The Court must consider whether expedited discovery in this particular case is necessary to allow Tween to obtain and present evidence in support of its motion for preliminary injunction.

### B. Tween's Requests

In their initial motion, Tween asserts that it needs expedited discovery in order to:

a) identify the Doe Defendants who personally infringed Plaintiff's copyrights and those who supervised the infringement for financial gain;
b) determine the full extent of Defendant's infringing activities and unfair competition;
c) determine what other copyrighted or trademarked works Defendants have already accessed or may have access to; and
d) further document Plaintiff's need for preliminary injunctive relief and respond to any opposition raised by Defendants.

(ECF No. 106, at PAGEID # 106.)

In their supplemental filing in support of that motion, Tween acknowledged that it received certain information from Bluestar following the Rule 65.1 conference, including the fifteen-page slide deck Bluestar received from Beanstalk (which, according to Tween, is "filled with photos showing clothing designs created and sold under the JUSTICE brand" (ECF No. 18, at PAGEID # 204)). Tween also submitted emails stating that Bluestar is willing to agree to not use the Photograph and/or the daisy design, and that Bluestar is willing to agree to not infringe the copyrighted clothing designs depicted in the Photograph.

Unsatisfied, Tween argues that "the information provided by Bluestar . . . has opened the door to serious questions regarding the intellectual property that Bluestar believes it purchased related to the LIMITED TOO trademarks." (ECF No. 18, at PAGEID # 204.) Regarding the Photograph and the other photographs from the slide deck, Tween does not suggest that Bluestar

6

is currently using any of the same. Instead, Tween asserts that "Bluestar refused to agree to any language requiring it to refrain from copying Plaintiff's other designs appearing elsewhere in the Beanstalk slide deck or unfairly competing with Plaintiff." (ECF No. 18, at PAGEID # 207.) Tween concludes: "Bluestar's refusal to provide further information or a stipulation backing up their claims that they are not using and will not use Plaintiff's intellectual property, drive home the need to [sic] expedited discovery." (*Id*. at PAGEID # 204.)

Regarding the "It's a Girl's World" slogan, Tween asserts that LTD2 recently filed a trademark application for use of the same. LTD2's applications claim current use of the trademark in commerce. Plaintiff asserts that it is "entitled to know the basis for Defendants' claim that it has a right to use a trademark created by Plaintiff, and the extent of its actual use of Plaintiff's trademark." (*Id*. at PAGEID # 208.)

Put simply, Tween asserts that good cause exists to expedite discovery on the topics of whether Bluestar will attempt to use the clothing designs in the Photograph, photographs from the Beanstalk slide deck that (according to Tween) are Tween's intellectual property, and the extent to which Bluestar is using or plans to use the It's a Girl's World slogan. The Court must view this request in the context of Tween's pending motion for preliminary injunction (and its claim that it faces irreparable harm), and of the burden on Defendants in participating in expedited discovery.

Tween submitted the following proposed interrogatories, which it intends to serve on Bluestar ("Bluestar Interrogatories"):

1. If you contend that Plaintiff does not own valid copyrights in any of the [daisy design, Photograph, and clothing designs featured in the photograph], identify the bases for that contention, including the identity of any persons with substantive knowledge of those facts, any documents reflecting those facts, and all other evidence you contend supports your position.

2. Describe in detail how the [daisy design, Photograph, and clothing designs featured in the Photograph] were created and/or otherwise used by you, including the source of any images you used to create the Infringing Materials, the date(s) of creation, the identity of each person who contributed to the Infringing Materials and the nature of each person's contribution, the identity of persons with the best substantive knowledge of those facts, and the identity of any documents reflecting those facts.

3. If you contend that you own any rights to any of the [daisy design, Photograph, and clothing designs featured in the photograph], identify the bases for that contention, including the identity of any persons with substantive knowledge of those facts, any documents reflecting those facts, and all other evidence you contend supports your position.

(ECF No. 18-5, at PAGEID # 237–38.) Tween seeks a response to these interrogatories no later than five business days after service of the same.

Tween also submitted the following proposed requests for production to Bluestar, to which it also seeks a response no later than five business days after service ("Bluestar RFPs"):

1. All documents identified in response to Plaintiff's Expedited Interrogatories to Defendant Bluestar Alliance, LLC.

2. All communications regarding the slide deck provided to you by Defendant The Beanstalk Group, LLC.

3. Documents sufficient to show the trademarks, goodwill and related intellectual property purchased by you related to the LIMITED TOO brand.

(ECF No. 18-6, at PAGEID # 241.)

Tween also submitted the following proposed interrogatories and requests for production that it intends to serve on LTD2, again with a proposed five-day response deadline ("LTD2 Requests"):

- Identify all products you have sold or offered for sale under the IT'S A GIRL'S WORLD trademark that is the subject of U.S. Trademark Application Serial Nos. 86701591 and 86701617, including the identity of any persons with substantive knowledge of those facts and any documents reflecting those facts.

- Identify all bases supporting your assertion of first use in commerce of the IT'S A GIRL'S WORLD trademark that is the subject of U.S. Trademark Application Serial

    Nos. 86701591 and 86701617, including the identity of any persons with substantive knowledge of those facts and any documents reflecting those facts.

- If you played any role in the copying or use of Plaintiff's Copyrighted Materials, describe that role, including the identity of any persons with substantive knowledge of those facts and any documents reflecting those facts.

- [Produce] [d]ocuments sufficient to show your claimed date of first use in commerce of the IT'S A GIRL'S WORLD trademark for each type of goods listed in U.S. Trademark Application Serial Nos. 86701591 and 86701617.

- [Produce] [a] sample or photograph of each type of goods listed in U.S. Trademark Application Serial Nos. 86701591 and 86701617.

- Produce for inspection the originals of the specimens submitted by you in support of U.S. Trademark Application Serial Nos. 86701591 and 86701617.

- [Produce] [a]ll documents identified in response to Plaintiff's Expedited Interrogatories to Defendant LTD2 Brand Holdings, LLC.

- [Produce] [a]ll communications regarding the slide deck provided to you by Defendant The Beanstalk Group, LLC.

- [Produce] [d]ocuments sufficient to show the trademarks, goodwill and related intellectual property purchased by you related to the LIMITED TOO brand.

(ECF Nos. 18-8, at PAGEID # 251–52 & ECF No. 18-9, at PAGEID #254–55.)

    Finally, Tween seeks to depose a Rule 30(b)(6) witness from both Bluestar and LTD2. The topics proposed to the witnesses include "[a]ny use by you of designs created and/or sold by Tween" and the relationship between LTD2 and Bluestar. (ECF No. 18-7, at PAGEID # 247 & ECF No. 18-10, at PAGEID # 261.) Tween requests that "30(b)(6) Depositions of Defendants may be taken upon notice of three (3) business days." (ECF No. 18, at PAGEID # 210.)

    Defendants respond that the proposed discovery is overbroad. Specifically, Defendants assert that the requests seek information about documents and communications that are irrelevant to Tween's claims in its Amended Complaint, and that a five-day turnaround time is unreasonable given the circumstances. Defendants add that Tween "asks that the Court authorize

the service on Bluestar of contention interrogatories about its possible defenses that could not possibly be answered meaningfully at this stage of the litigation, when no discovery from Tween has taken place." (ECF No. 26, at PAGEID # 276.)

    **C. Analysis**

Having considered the parties' arguments with respect to the proposed discovery, the Court reaches the following conclusions about each of the Bluestar Interrogatories, Bluestar RFPs, and LTD2 Requests.

    *1. Bluestar Interrogatories*

No good cause exists to permit Interrogatories No. 1 and 3 on an expedited basis. Although Tween would benefit from knowing the bases for any contention by Defendants that they own the copyrights at issue and/or that Tween does not own the same, the Court agrees with Defendants that the burden of articulating and producing the information sought, in five days and without having conducted any discovery of their own, is unduly burdensome. The Court concludes that the burden of this discovery outweighs the benefit and therefore negates any good cause in support of Tween's position.

Regarding Bluestar Interrogatory No. 2, no good cause supports Tween's request that Bluestar "[d]escribe in detail how the Infringing Materials were **created** . . . including the source of any images you used to create the Infringing Materials . . . ." (ECF No. 18-5, at PAGEID # 237 (emphasis added).) This request does little to advance Tween's claim that it is being irreparably harmed by Defendants' use of those materials. This request therefore does not outweigh the burden associated with responding to the same on an expedited basis.

Good cause supports Tween's request in the second Bluestar Interrogatory that Bluestar "[d]escribe in detail how the Infringing Materials were . . . used by you." (*Id.*) This request is

directly relevant to Tween's motion for preliminary injunction and, given the narrow confines of the request as modified, outweighs the burden on Bluestar.  Although the term "Infringing Materials" is not defined in the document, the Court interprets this term to mean the same as the defined term "Copyrighted Works."  Bluestar therefore must respond to Bluestar Interrogatory No. 2, as modified, within five business days of service of the same.

    2. *Bluestar RFPs*

No good cause exists to permit Requests No. 2 and 3 on an expedited basis.  Tween's request for "[a]ll communications regarding the slide deck provided to [Bluestar] by [Beanstalk]," (ECF No. 18-6, at PAGEID # 241), is overbroad in the context of Tween's claim that it is being irreparably harmed by Bluestar's use of the Photograph and related materials.  The benefit to Tween of receiving this discovery in such a short time period does not outweigh the burden on Bluestar of producing it.

Tween's request for "[d]ocuments sufficient to show the trademarks, goodwill and related intellectual property purchased by you related to the LIMITED TOO brand," (*id*.), is likewise overbroad.  Although Tween might receive peace of mind from knowing that it and Bluestar agree about the intellectual property Bluestar purchased from the Limited, this request is simply an attempt to prematurely thwart any infringement issues that might arise in the future.  Such a request is improper in the context of emergency litigation.  The Court therefore finds no good cause to require such discovery on an expedited basis.

Good cause supports Bluestar Request No. 1, which seeks documents identified in response to the Bluestar Interrogatories (as modified).  Bluestar therefore must produce all documents identified in response to Tween's request to "[d]escribe in detail how the Infringing

11

Materials were . . . used by you," (ECF No. 18-5, at PAGEID # 237), within five business days of service of the same.

### 3. LTD2 Requests and Rule 30(b)(6) Deposition

No good cause supports Tween's request to require LTD2 to respond to this discovery on an expedited basis.  The question before the Court is whether the requested discovery is necessary in order for Tween to present evidence in support of its motion for preliminary injunction.  The motion for preliminary injunction does not mention the "It's a Girl's World" slogan or make any attempt to explain why Defendants' use of the slogan is causing irreparable harm to Tween.  (ECF No. 2.)  The motion similarly does not mention LTD2.  Accordingly, because the LTD2 Requests center entirely on LTD2's registration of the "It's a Girl's World" slogan, there is no good cause to expedite discovery on this issue.  The additional requests to LTD2—requesting all communications from Beanstalk and documents sufficient to show all intellectual property purchased from the Limited—fail for the same reasons as those set forth above.

The Court reaches the same conclusion regarding the proposed expedited 30(b)(6) deposition notice to LTD2.  Absent any link in the motion for preliminary injunction between LTD2, the "It's a Girl's World slogan," and irreparable harm to Tween, the Court finds no good cause to justify Tween's request.

### 4. Bluestar 30(b)(6) Deposition Notice

No good cause supports the fourth topic listed on Schedule A of the proposed 30(b)(6) notice to Bluestar ("[t]he relationship between you and LTD2").  The remaining topics, however, (responses to the Bluestar Interrogatories and Bluestar RFPs, "[a]ny use by you of designs created and/or sold by Tween") are relevant to Tween's pending motion for preliminary

12

injunction, to the extent the term "designs" is limited to the specific clothing designs depicted in the Photograph or in related photographs in the slide deck over which Tween claims copyright ownership. With that modification, the Court finds good cause to permit the requested discovery.

Bluestar therefore must make a corporate representative available for a Rule 30(b)(6) deposition on topics 1–3 of Schedule A of the proposed notice upon three business days' notice. Although the Court acknowledges that making a corporate representative available on three business days' notice presents a burden on Bluestar, the Court finds this burden justified given that Bluestar previously believed that it owned the rights to the Photograph and the designs depicted therein.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Tween's motion for expedited discovery. (ECF No. 3.) The Court grants the motion with respect to Bluestar Interrogatory No. 2 (as modified), Bluestar RFP No. 1, and the Rule 30(b)(6) deposition notice to Bluestar, topics 1–3 on Schedule A (as modified). The Court accordingly **ORDERS** that the discovery period shall open immediately with respect to this discovery, that Bluestar shall respond to the permitted discovery within five business days of service of the same, and that Bluestar shall make a representative available for a Rule 30(b)(6) deposition upon notice of three business days. The Court **DENIES** Tween's motion with respect to the remaining issues.

**IT IS SO ORDERED.**

                                               /s/ Gregory L. Frost
                                               **GREGORY L. FROST**
                                               **UNITED STATES DISTRICT JUDGE**