IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TWEEN BRANDS INVESTMENT, LLC,   Case No. 2:15-cv-2663
                                JUDGE GREGORY L. FROST
     Plaintiff,                  Magistrate Judge Elizabeth P. Deavers

v.

BLUESTAR ALLIANCE, LLC, et al.,

     Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Tween Brands Investment, LLC's ("Tween") motion to compel unredacted documents (ECF No. 63) and Defendant Bluestar Alliance, LLC's ("Bluestar") response in opposition (ECF No. 66). For the reasons that follow, the Court **GRANTS** the motion.

### I.    BACKGROUND

On August 31, 2015, the Court granted (in part) Tween's motion to expedite discovery. The Court ordered Bluestar to produce, *inter alia*, all documents reflecting its use of a photograph of five girls wearing Tween designs (the "Photograph") that all parties agree belongs to Tween.

Bluestar produced documents showing that it used the Photograph in branding materials that it sent to potential licensees. Because, according to Bluestar, portions of those materials are highly confidential and are not relevant to its use of the Photograph, Bluestar redacted large portions of the documents it produced.

Tween now moves to compel production of unredacted versions of those documents. In support of its position, Tween argues that the Federal Rules of Civil Procedure require that

1

documents be produced as they are kept in the normal course of business.  The rules do not, Tween argues, provide a mechanism for relevance redactions.  Tween adds that there exists a Protective Order in this matter in which Bluestar can designate confidential materials as "HIGHLY CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" if it is concerned about releasing confidential business information.  (ECF No. 37.)  Finally, Tween notes that Bluestar revised some of its redactions after negotiations with Tween, which revealed that some of the previously-redacted information was relevant and responsive to the expedited discovery requests.

Bluestar argues that the redactions are necessary to preserve the confidentiality of its business information.  Regarding the Protective Order, Bluestar argues that "Tween objects to the designation of all of the materials at issue as HIGHLY CONFIDENTIAL and has expressed a desire to show much or all of it to Tween's business personnel."  (ECF No. 66, at PAGEID # 1311.)  Regarding the redacted information that was relevant, Bluestar states that the information was "so small as to be unnoticeable" and that two of the omissions were "simply inadvertent." (*Id*. at PAGEID # 1308–09.)  Bluestar concludes that it will make the documents available for *in camera* inspection in order for the Court to confirm that the redacted information is irrelevant.

**II.  ANALYSIS**

The Court has broad discretion over discovery matters.  *See, e.g., Kebede v. Suntrust Mortg., Inc.*, 612 F. App'x 839, 840 (6th Cir. 2015).  The Court acknowledges that Federal Rule of Civil Procedure 34 states that a party must produce documents as they are kept in the usual course of business.  Fed. R. Civ. P. 34(E)(i); *see also Beverage Distribs., Inc. v. Miller Brewing Co.*, No. 2:08-cv-827, 2010 WL 1727640, at **4 –5 (S.D. Ohio Apr. 28, 2010) (granting a motion to compel production of unredacted documents over the producing party's objection that the redacted information was irrelevant).  The Court also acknowledges the caselaw Bluestar

cites in support of its position in which courts have permitted relevance redactions where the redacted information is commercially sensitive.  *See* ECF No. 66, at PAGEID # 1310 (citing *N. Am. Rescue, Inc. v. Bound Tree Med., LLC*, 2010 U.S. Dist. LEXIS 39695 (S.D. Ohio Mar. 25, 2010)).

Here, the Court finds that Tween's motion is well taken.  The Court agrees with another judicial officer in this district that, "ordinarily, the fact that the producing party is not harmed by producing irrelevant information or by producing sensitive information which is subject to a protective order restricting its dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case." *Beverage Distribs., Inc*., 2010 WL 1727640, at *4.  Bluestar's unilateral assertion that the redacted material is irrelevant to Tween's discovery requests leaves too many open questions about Bluestar's definition of "relevant" and about whether additional relevant information was "inadvertently" redacted.  This lack of finality is potentially disruptive to the orderly resolution of Tween's pending motion for preliminary injunction.

The Court similarly finds that redaction is unnecessary given the Protective Order in this case.  Bluestar is free to label the documents at issue as "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY."  If Tween violates the Protective Order by showing the information to non-attorneys or otherwise allowing non-attorneys to access the same, then the Court will address the separate issue of Tween's violation of a Court order.

Given these findings, the Court again agrees with the judicial officer in *Beverage Distributors, Inc. v. Miller Brewing Co*. that *in camera* review of the 100-plus documents at issue is impractical and unnecessary.  2010 WL 1727640, at *5.  The Court therefore **ORDERS**

Bluestar to produce unredacted copies of all documents responsive to Tween's discovery requests, as limited by the Court's August 31, 2015 Opinion and Order.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Tween's motion to compel. (ECF No. 63.)

**IT IS SO ORDERED.**

                                                      /s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**